53 F.3d 1125
 Phillip Lee HULL, a minor, By his natural parents, guardians
and personal representatives, Phillip Gene HULL
and Tanya Lee Hull,
Plaintiffs-Appellants, Cross-Appellees,
v.
UNITED STATES of America, doing business as Public Health
Service, and Department of Health and Human
Services, Claremore Indian Hospital,
Claremore, Oklahoma,
Defendants-
Appellees,
Cross-Appellants,
Judith A. Finn, Movant-Appellee.
 Nos. 93-5090, 93-5124.
 United States Court of Appeals,
Tenth Circuit.
 April 24, 1995.
 
 Stephen C. Wolfe of Stephen C. Wolfe & Associates, Tulsa, OK, for plaintiffs-appellants, cross-appellees.
 William G. Cole, U.S. Dept. of Justice, Washington, DC (Frank W. Hunger, Asst. Atty. Gen., F.L. Dunn, III, U.S. Atty., and Barbara C. Biddle, Staff Atty., with him, on the briefs) for defendants-appellees, cross-appellants.
 Judith A. Finn, Ph.D. J.D., Tulsa, OK, movant-appellee.
 Before BALDOCK and EBEL, Circuit Judges, and SHADUR,* District Judge.
 EBEL, Circuit Judge.
 
 
 1
 Phillip Lee Hull ("Lee"), a minor, by his natural parents, Phillip Gene Hull and Tanya Lee Hull, and purportedly represented by attorney Stephen Wolfe, appeals the district court's decision to change Lee's trust to a fully reversionary trust in favor of the United States. Because the district court's appointment of a guardian ad litem divested Lee's natural parents of standing to challenge the structure of the trust on Lee's behalf, see Garrick v. Weaver, 888 F.2d 687, 692-93 (10th Cir.1989), we dismiss their appeal for lack of appellate jurisdiction. We do, however, exercise jurisdiction over the government's cross-appeal of the district court's final order awarding Lee's guardian ad litem her fees as "costs" chargeable against the government, rather than as "attorney's fees" subject to the limits in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Sec. 2678. On that issue, we affirm.
 
 BACKGROUND
 
 2
 This case is before us for the second time to address issues involving a money judgment awarded to Lee pursuant to the FTCA for the government's medical malpractice. In Hull by Hull v. United States, 971 F.2d 1499, 1504 (10th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1844, 123 L.Ed.2d 469 (1993) (hereinafter "Hull I"), we decided that the district court "ha[d] the inherent power to order the parties to place the money judgment into a fully reversionary trust if such an arrangement [was] in Lee's best interest." We also held that the fees sought by Lee's guardian ad litem should be identified as either attorney's fees or costs, with only costs being chargeable against the government pursuant to Fed.R.Civ.P. 54(d). Id. at 1509-10. We remanded the case for the district court to make the required findings. Following the district court's further consideration, the parties have once again appealed these matters to us.
 
 I. Standing For Plaintiff's Appeal
 
 3
 Before we may address whether the district court followed our instructions on remand with respect to the structuring of Lee's trust, we must first address whether Lee's natural parents have standing to appeal the court's determination for Lee. Because Lee is a minor, this appeal must be brought by an appropriate representative with the authority to pursue litigation on Lee's behalf. See Fed.R.Civ.P. 17(c). When the district court recognized a potential conflict of interest between Lee and his parents, the court appointed Judith Finn to act as Lee's guardian ad litem. This appointment raises the threshold question of whether Lee's parents have retained the authority to pursue an appeal for Lee.
 
 
 4
 In Finn's capacity as guardian ad litem, she helped draft the trust agreement adopted by the district court, which provides a full reversion to the government of any remaining trust funds at the time of Lee's death. Finn has maintained at all times during these proceedings that the reversion is necessary to insure Lee's continued good care by eliminating the possibility that Lee's parents could profit from his premature death.
 
 
 5
 Before Finn's appointment, Lee's parents had hired attorney Stephen Wolfe to pursue the claims they were bringing on Lee's behalf. When the guardian ad litem was appointed, Wolfe nevertheless continued as Lee's only counsel of record. Ignoring the guardian ad litem's view that a reversionary trust was needed to protect Lee's life and health, attorney Wolfe advocated a non-reversionary trust before the district court. Because the guardian ad litem believes that the reversionary trust that the district court adopted on remand furthers Lee's best interest, she has not pursued an appeal on Lee's behalf. Attorney Wolfe, however, is now attempting to bring this appeal by Lee's parents on Lee's behalf to challenge the reversionary trust. Because we hold that Lee's parents lack standing to assert this claim, see Garrick, 888 F.2d at 689-93, we must dismiss this appeal for lack of jurisdiction.
 
 
 6
 In Garrick, the mother of two minor children tried to bring an appeal on the children's behalf to challenge the way a magistrate had structured the children's settlement fund in a trust. Id. As in this case, the district court had appointed a guardian ad litem for the children because of their mother's potentially adverse interests, and the guardian ad litem had not appealed the trust provisions on the children's behalf. Id. at 692-93. We held that the court's appointment deprived the mother of standing to represent her children in the same action for which the guardian ad litem was appointed. Id. at 693. "Once appointed, the guardian ad litem is 'a representative of the court to act for the minor in the cause, with authority to engage counsel, file suit, and to prosecute, control and direct the litigation.' " Id. (quoting Noe v. True, 507 F.2d 9, 12 (6th Cir.1974)). Because the guardian ad litem was thus the "only party with standing" to challenge the trust provisions on the children's behalf, the mother was barred from bringing such an appeal. Id.; see Developmental Disabilities Advocacy Ctr. Inc. v. Melton, 689 F.2d 281, 285-86 (1st Cir.1982) (refusing next friend standing when appointed guardian objected to the suit).
 
 
 7
 Applying Garrick in Hull I, this court held that "the guardian ad litem--and not the parents--represents Lee" in these proceedings. 971 F.2d at 1505. Accordingly, we decided that the guardian ad litem's views as to a fully reversionary trust were relevant, whereas "[t]he parents' refusal to consent to a fully reversionary trust is irrelevant, particularly in light of their alleged conflict of interest in this case." 971 F.2d at 1505-06. The policy reasons articulated in Garrick for having one person represent a minor are present here as well. "Allowing two parties ... to represent the minor children," we explained in Garrick, "interferes with the orderly development of the lawsuit because the minor children could take inconsistent positions through their multiple representatives"--which is precisely what has occurred with respect to Lee's reversionary trust. 888 F.2d at 693. Because the guardian ad litem has not appealed the reversionary trust on Lee's behalf, and Lee's parents lack standing to do so, the structure of the trust remains beyond our jurisdiction to review.[1]
 
 
 8
 We note, however, that on the record before us it does not appear that the district court conducted further proceedings consistent with our instructions in Hull I before it adopted the trust structure that Lee's parents are attempting to challenge on Lee's behalf. Hull I required the district court to focus only on what is in the best interest of Lee, and it appears from the record that the court erroneously considered that the judgment could provide a windfall to Lee's parents. Compare Hull I, 971 F.2d at 1505 (holding that the court "need not and should not consider" whether the parents might receive a " 'windfall' upon Lee's untimely death"), with Appellant's App. at 75-76 (recording district court's explanation that the "primary rationale" for the reversionary trust was "the windfall concept"). Moreover, even if a reverter was in Lee's best interest, we find nothing in the record to suggest that Lee's best interest would be served by a reverter specifically to the government--the tortfeasor--rather than to another potential recipient such as a charity of Lee's choice or chosen by his guardian. The selection of the beneficiary of the reverter interest, just as the decision to adopt a reverter in the first place, must be made solely from Lee's perspective and the question should be what would best advance Lee's interests and preferences. Although we are troubled by these matters, we have concluded that we lack appellate jurisdiction to address them, and we must therefore rely on the ability of the district court to conduct further proceedings if and when they are warranted by the circumstances or are requested by the parties.[2]
 
 II. Guardian Ad Litem Fees
 
 9
 The government has brought its own appeal challenging the district court's decision to award the guardian ad litem her fees as costs chargeable against the government pursuant to Fed.R.Civ.P. 54(d), rather than as attorney's fees deducted from the judgment and subject to the limits set forth in the Federal Tort Claims Act, 28 U.S.C. Sec. 2678. In Hull I, we remanded for the district court to examine the guardian ad litem's fee application and properly to characterize the fees consistent with our discussion therein. 971 F.2d at 1509-10. On remand, the district court reviewed the records and determined that the guardian ad litem's services, in accord with the sole purpose of her appointment, involved "looking after the interests of Lee Hull" as an officer of the court rather than as an attorney, and that her fees were therefore taxable to the government as costs. See Third Amended Findings of Fact and Conclusions of Law, Appellee's Br. at 4a. Because the court's determination does not represent an abuse of discretion, we affirm. See Schneider v. Lockheed Aircraft Corp., 658 F.2d 835, 853 (D.C.Cir.1981), cert. denied, 455 U.S. 994, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982).
 
 
 10
 In Hull I, we explained that proper characterization of a guardian ad litem's fees "depends upon the role that the guardian ad litem plays." 971 F.2d at 1510 (emphasis added). "To the extent the guardian ad litem acts as an officer of the court, looking after the interests of the minor, compensation is taxable as costs. To the extent the guardian ad litem performs legal services as an attorney, compensation should be deducted as attorney's fees." Id. (emphasis added). While some of the tasks that the guardian ad litem performed on Lee's behalf were indisputably "legal" in nature, see Appellee's Br. at 28a-40a, we agree with the district court that none were performed in the role as an attorney for Lee. See Schneider, 658 F.2d at 855 (holding that where the guardian ad litem's responsibilities to the court "reasonably included legal research and analysis," those expenses were properly taxed as costs).
 
 
 11
 Attorney Wolfe has at all times appeared as Lee's only attorney of record. The guardian ad litem never held herself out as Lee's legal counsel in these proceedings. The plaintiffs, government, and district court consistently treated Wolfe as Lee's attorney. See e.g., Conference of March 31, 1993, Appellant's App. at 74. Although Wolfe was originally hired by Lee's parents on Lee's behalf, and was never formally retained by the guardian ad litem upon her appointment, the guardian's failure to object to Wolfe's continued legal representation of Lee until he sought to bring this appeal causes us to conclude that the district court did not abuse its discretion in finding that Wolfe, rather than the guardian, was acting as Lee's attorney at the trial court level. Because the record thus supports the district court's finding that Wolfe was rendering legal services in the role of Lee's attorney, while the guardian ad litem was rendering services solely as an officer of the court and as the legally designated representative of Lee's interests, we affirm the court's decision to award the guardian ad litem's fees as costs against the government. Cf. Kollsman v. Cohen, 996 F.2d 702, 706-08 (4th Cir.1993) (distinguishing between a guardian ad litem who "serves essentially as an officer of the court," and an attorney ad litem who "provides the ordinary services of an attorney," and requiring the district court to separate the costs of the former from the attorney's fees of the latter when the same person performs both roles); duPont, III v. Southern Nat'l Bank, 771 F.2d 874, 881-83 & n. 7 (5th Cir.1985) (distinguishing between a guardian ad litem who acts as an "officer of the court" and an attorney ad litem who acts as legal counsel, and requiring the district court to "differentiate" between the costs of the former and the attorney's fees of the latter when the same person is appointed in both capacities), cert. denied, 475 U.S. 1085, 106 S.Ct. 1467, 89 L.Ed.2d 723 (1986); Franz v. Buder, 38 F.2d 605, 607 (8th Cir.1930) (holding that "[w]here the services as guardian ad litem and as an attorney are rendered by the same person, a separate allowance should be made for each service," with the former taxed as costs and the latter assessed as attorney's fees).
 
 CONCLUSION
 
 12
 We DISMISS plaintiff's appeal because Lee's parents lack standing to appeal on Lee's behalf. And we AFFIRM the district court's order awarding the guardian ad litem her fees as costs chargeable against the government.
 
 
 
 *
 The Honorable Milton I. Shadur, Senior District Judge for the Northern District of Illinois, sitting by designation
 
 
 [1]
 As we noted in Garrick, parents are not wholly without a remedy if they believe that their child's interests are not being represented properly. 888 F.2d at 693. While they lack standing to act on the child's behalf as next friend, they may apply to the district court to have the guardian ad litem removed or to have another guardian ad litem appointed. Id
 
 
 [2]
 While the parents arguably have their own legal interests in challenging the trust structure adopted by the district court, this appeal was not brought in the parents' individual capacities, but only as Lee's parents on Lee's behalf. See Appellee's App. at 227