139 Nev., Advance Opinion 57

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
GUARDIANSHIP OF THE PERSON
AND ESTATE OF KATHLEEN JUNE
JONES, PROTECTED PERSON.

No. 84655

KATHLEEN JUNE JONES,
Appellant,
vs.
ROBYN FRIEDMAN; DONNA
SIMMONS; AND ELIZABETH
BRICKFIELD, GUARDIAN AD LITEM
FOR KATHLEEN JUNE JONES,
Respondents.

FILED

DEC 21 2023

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from district court order granting guardian ad litem fees. Eighth Judicial District Court, Family Division, Clark County; Linda Marquis, Judge.

*Affirmed.*

Legal Aid Center of Southern Nevada, Inc., and Scott Cardenas and Elizabeth Mikesell, Las Vegas,
for Appellant.

Dawson & Lordahl, PLLC, and Elizabeth Brickfield, Las Vegas,
for Respondent Elizabeth Brickfield.

Michaelson Law and John P. Michaelson, Ammon E. Francom, and Peter R. Pratt, Henderson,
for Respondents Robyn Friedman and Donna Simmons.

23-41430

Julia S. Gold, Chairperson, Dara J. Goldsmith, Amicus Curiae Chairperson, Michael W. Keane, and Amanda Netuschil, Reno,
for Amicus Curiae State Bar of Nevada, Probate and Trust Law Section.

---

BEFORE THE SUPREME COURT, HERNDON, LEE, and PARRAGUIRRE, JJ.

*OPINION*

By the Court, HERNDON, J.:

Roughly 18 months after respondents petitioned for guardianship over their mother, triggering the contentious litigation that followed,[1] the district court appointed a guardian ad litem (GAL) to aid it in determining the protected person's best interests. The GAL, an attorney, soon thereafter filed a notice of intent to seek the fees and costs to be incurred at her standard hourly rate. After submitting a report, the GAL sought fees at her stated rate. The court awarded her those fees over the protected person's objection. At issue in this appeal are three arguments against the fee award: (1) the GAL has no right to fees when the district court order appointing her did not specify the rate, as required by the Nevada Statewide Rules for Guardianship (NSRG); (2) the court improperly appointed an attorney as the GAL under NRS 159.0455 and NSRG Rule 8; and (3) the rate of compensation to which the GAL is entitled should be that of a fiduciary, not an attorney.

---

[1]*See Matter of Guardianship of Jones*, 138 Nev. 51, 507 P.3d 598 (Ct. App. 2022), for background information on the guardianship proceedings.

We conclude that the protected person waived any argument pertaining to the form of the district court's order by failing to raise the issue below. Even so, we note that, within days of the GAL's appointment, the protected person was notified that the GAL would seek fees at her requested rate of compensation, and the district court's failure to specify the rate in the order thus did not prejudice the protected person. We further conclude that the district court erred in interpreting NRS 159.0455(3) as requiring the court to appoint an attorney where there is no court-approved volunteer program. However, this error was harmless because the district court expressly appointed an experienced attorney as the GAL due to the complexity of this matter. Lastly, we conclude that the record contains substantial evidence supporting the GAL's fee request. The district court did not abuse its discretion in awarding the GAL the full amount of her requested fees.

## FACTS AND PROCEDURAL HISTORY

Upon petition, respondents Robyn Friedman and Donna Simmons became temporary guardians over their mother, appellant Kathleen June Jones (June); their temporary guardianship was followed by their sister Kimberly's appointment as guardian. During Kimberly's term as guardian, there were over 400 documents filed in the case, 25 hearings held, and at least 3 investigations conducted into the circumstances underlying the guardianship proceedings.

A major issue between the parties concerned Robyn's and Donna's ability to obtain communication, visits, and vacation time with June. The district court scheduled an evidentiary hearing on the issue and appointed respondent Elizabeth Brickfield, an attorney, as GAL for June. In particular, the court directed Brickfield to address the issue in the following manner:

Schedule[ ] opportunities for Protected Person to elect to speak with and/or visit in person with her adult daughters and [address] whether the Guardian has an obligation to facilitate, prompt, encourage, plan, schedule, and/or create an environment that promotes an opportunity for continued communication between Protected Person and her adult daughters based upon the current level of care and needs of the Protected Person.

The court later asked Brickfield to assist with another issue—that of relocating June to California. It noted that each of the issues for which it sought the GAL's help were interrelated and complex. As to compensation, the order stated, "[t]he guardian ad litem may request fees from the guardianship estate or a third party" and any request must comply with NRS 159.344.

Five days after the order was filed, Brickfield filed a notice of appearance and a notice of intent to seek attorney fees and costs from the guardianship estate pursuant to NRS 159.344(3). Brickfield's notice indicated that her hourly rate was $400 and listed various support staff billing at rates ranging from $75 to $350 per hour. In response, June filed a notice of objection, arguing that the GAL was not entitled to her attorney rate of $400 per hour because the issues did not require legal services or legal expertise. June proposed that the GAL should charge within the national average range, which June represented to be $22 to $48 per hour. Kimberly joined June's opposition. Brickfield filed a declaration in response to the notice of objection, describing her extensive experience and qualifications and asserting that the rate was comparable to that charged by other attorneys with similar qualifications in Clark County for services as counsel and as a GAL.

About 6 weeks later, Brickfield filed her report to the court. The report outlined Brickfield's work on the case:

> (i) reviewed the pleadings relevant to the issues of visitation and communication and the Physician's Certificate and accompanying report; (ii) met with Ms. Jones by telephone on 2/24/21 and in person on 3/25/21; Ms. Jones was accompanied by LACSN counsel; (iii) met individually with Ms. Jones' five children by separate telephone or Zoom conferences; the children who are represented by counsel were accompanied by counsel. Each meeting with a child lasted approximately one hour; the two meetings with Ms. Jones totaled one hour; and (iv) separate telephone conversations with the respective children's counsel.

Brickfield also provided her conclusions and made recommendations in June's best interests.

Brickfield thereafter filed a petition seeking approval of her GAL fees and costs, requesting a total of $5713.50. Brickfield requested $5400 in fees for herself for 13.5 hours of work, $310 in fees for 2 hours of work by a paralegal, and $3.50 in costs for filing fees. June objected, agreeing that Brickfield was entitled to compensation but arguing that a GAL should be paid at a lower GAL rate rather than an attorney rate. She added that Brickfield misrepresented how she benefited her and that, in fact, she gained no benefit from Brickfield's appointment. She added that she should not have to pay for a GAL to whom she objected. The district court entered a written order awarding Brickfield her requested $5713.50 in fees and costs. June appealed,[2] and the Probate and Trust Section of the Nevada State Bar was permitted to file an amicus curiae brief.

---

[2]Respondents assert that we lack jurisdiction over this appeal because the order awarding guardian ad litem fees and costs was entered amidst

## DISCUSSION

*Any error in the district court's order appointing the GAL is waived*

June argues the district court lacked authority to award the GAL fees because it did not specify the GAL's rate in its appointment order. NSRG 8(I) requires the district court to "state the hourly rate to be charged by the guardian ad litem" in the appointment order. June contends that Brickfield cannot receive payment because her rate was not specified in the appointment order. She adds that the district court also did not amend its appointment order to comply with NSRG 8(I) after receiving Brickfield's notice of intent to seek fees. Respondents assert that June waived her argument that the order appointing the GAL does not conform with NSRG 8(I) because June failed to raise it below.[3] Respondents also argue that any error in failing to state the GAL's exact rate was not prejudicial.

Generally, "[a] point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not

---

ongoing guardianship proceedings and thus does not constitute a special order after final judgment appealable under NRAP 3A(b)(8) and because it is not appealable under any other provision of that rule. We conclude that the order is independently appealable under NRS 159.375(5) (allowing appeals from orders in guardianship proceedings "authorizing the payment of a debt, claim, devise, guardian's fees or attorney's fees"). Moreover, despite respondents' request, we decline to issue sanctions for June's counsel filing this appeal, as this appeal ostensibly was filed to protect her interests and presents previously unanswered questions of law pertaining to attorney GALs. NSRG 9.

[3]Respondents further suggest that the issue was waived when June failed to appeal from the order appointing the GAL. However, that order was not appealable. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) ("[W]e may only consider appeals authorized by statute or court rule."); NRAP 3A(b) (providing appellate jurisdiction over final judgments and other specified orders).

be considered on appeal." *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). This general rule applies even to issues that are subject to review de novo. *Schuck v. Signature Flight Support of Nev., Inc.*, 126 Nev. 434, 436, 245 P.3d 542, 544 (2010).

The record below supports that June waived any argument that the district court order did not satisfy the formalities under NSRG 8(I). June did not raise any such issues with the district court's order in her objection to Brickfield's notice for fees, nor did she raise any such issues in her opposition to Brickfield's petition for fees. Finally, June did not raise any issues with the GAL's appointment order at the hearing on the motion for fees. Thus, June waived any arguments to the form of the appointment order.

Even if the issue had been properly raised, June fails to demonstrate any prejudice warranting reversal. *See* NRCP 61 (providing that reversal is not warranted where the error is harmless). The order specifically required the GAL to comply with NRS 159.344, indicating to the parties the GAL was allowed to seek fees, and further expressly permitted the GAL to "request fees from the guardianship estate or a third party." Shortly after the order was entered and on the same day she filed her notice of appearance, Brickfield filed her notice of intent to seek fees. *See* NSRG 8(I). June noticed her objection, but the court did not alter the noticed compensation rate. Thus, while June correctly notes that the district court should have stated the GAL's permissible hourly rate in its order of appointment, the error was harmless in this instance and did not divest the court of authority to later award fees.

*The district court erred in concluding that it must appoint an attorney to serve as a GAL, but the error was harmless*

In addressing June's objections to Brickfield's motion for fees, the district court concluded that it could appoint a nonattorney as GAL only if a court-approved volunteer advocate program was established under NRS 159.0455. June argues that the court erred in so concluding. Respondents argue that, even if the court could have appointed a nonattorney outside of a volunteer advocate program, no other person who had the appropriate training and experience to serve as the GAL was suggested to the court, noting that Brickfield was uniquely qualified to address the issues present in such a complex case.

The district court's interpretation and construction of a statute presents a question of law that is reviewed de novo. *Zohar v. Zbiegien*, 130 Nev. 733, 737, 334 P.3d 402, 405 (2014). Likewise, the district court's legal conclusions regarding court rules are reviewed de novo. *Casey v. Wells Fargo Bank, N.A.*, 128 Nev. 713, 715, 290 P.3d 265, 267 (2012). When interpreting a statute that is clear on its face, the language of a statute should be given its plain meaning. *Zohar*, 130 Nev. at 737, 334 P.3d at 405.

A GAL may be appointed by the court to represent a protected person if the court determines that the protected person will benefit from the appointment and the GAL's services will be beneficial in determining the protected person's best interests. NRS 159.0455(1). Under NRS 159.0455(3), "[i]f a court-approved volunteer advocate program for guardians ad litem has been established in a judicial district, a court may appoint a person who is not an attorney to represent a protected person or proposed protected person as a guardian ad litem." On the other hand, NSRG 8, which governs GALs appointed pursuant to NRS 159.0455, specifies in subsection H that "[a] guardian ad litem may be a trained

SUPREME COURT
OF
NEVADA

(O) 1947A

8

volunteer from a court-approved advocate program, an attorney, or any other person that the court finds has appropriate training and experience."

June argues that NRS 159.0455 and NSRG 8(H) contradict each other on the topic of who a court may appoint as GAL. But there is no conflict: NSRG 8(H) creates a complete list of people who could be eligible to serve as a GAL ("a trained volunteer from a court-approved advocate program, an attorney, or any other person that the court finds has appropriate training and experience"). Meanwhile, the statute clarifies that the court may appoint a nonattorney "[i]f a court-approved volunteer advocate program for guardians ad litem has been established in a judicial district." NRS 159.0455(3). But the statute does not create a necessary condition for the appointment of a nonattorney. So the district court erred in interpreting NRS 159.0455(3) as requiring the appointment of an attorney where there is no court-approved volunteer program.

A third option under NSRG 8(H) exists and does not conflict with NRS 159.0455(3). NSRG 8(H) provides three types of individuals that the district court can appoint as a GAL: an attorney, a volunteer from a volunteer advocate program, and "any other person that the court finds has appropriate training and experience." While the district court analyzed the first two options, it did not address the third option, which included *any* person trained and experienced as a GAL. Thus, it erred to the extent it concluded that it had to appoint an attorney because no trained volunteer was available.

This error, however, was harmless, as the district court alternatively stated that an attorney GAL was specifically appointed due to the complex nature of the case, the visitation issues' impact on June, and the parties' continuing inability to communicate effectively. *See* NRCP 61;

SUPREME COURT
OF
NEVADA

(O) 1947A

*Cook v. Sunrise Hosp. & Med. Ctr., LLC*, 124 Nev. 997, 1007, 194 P.3d 1214, 1220 (2008) (explaining that to be reversible error, the moving party must demonstrate that a substantial right was prejudiced and "that, but for the error, a different result might have been reached"). There is no evidence in the record that the district court was aware of any nonattorney with the appropriate training and experience to be considered for the appointment. Nor does the record reflect that any such persons were proposed to the district court for consideration. So, while NSRG 8(H) provides three options, the facts of the instant case indicate that the third option was not available to the district court. The district court reviewed Brickfield's extensive qualifications, including her experience, legal abilities, and knowledge in the guardianship field. Because June cannot demonstrate that the district court could have appointed a nonattorney to deal with the complex legal issues relating to June's guardianship and relocation, we conclude that the district court's error could not have affected the outcome of the GAL proceedings. Its error was thus harmless.

*The district court did not abuse its discretion in awarding the GAL's fees*

June contends that the district court should not have awarded Brickfield fees at her attorney rate because a GAL performs fiduciary services, as opposed to legal services.[4] June argues that NRS 159.0455 and NSRG 8 make clear that a GAL, as "an officer of the court," is a fiduciary and is restricted from "offer[ing] legal advice to the protected person." NRS 159.0455; NSRG 8(C) (noting that "[a] guardian ad litem is an officer of the court"); NSRG 8(N) (distinguishing the role of an attorney from the role of

_____

[4]June does not provide any arguments specific to the $3.50 in costs or the paralegal's $310 in fees. Thus, June appears to only dispute the $5400 in fees awarded to Brickfield.

the GAL); *see also* NRS 159.344 (concerning the payment of attorney fees and costs in a guardianship). June alleges that the district court's finding that the customary fiduciary rate for a GAL in Clark County is $400 per hour or more has no evidentiary basis and that, based on the market rate, a reasonable fee ranges between $22 to $48 per hour.

Respondents argue that the district court's fee order is supported by substantial evidence and that Brickfield's fees as a GAL were appropriately paid at an amount commensurate with her attorney rate. Respondents contend that there is no market rate requirement and that the district court satisfied the requirements codified in NRS 159.344.

But the statute requires a court to determine the nature of the services performed in awarding compensation: it distinguishes between "services that require an attorney[,]" which may be compensated at an attorney rate, and "fiduciary services," which may be compensated at a fiduciary rate. NRS 159.344(5)(g). We now determine that, while GALs in Nevada act in the same manner as a fiduciary and do not provide "attorney" work, the record nonetheless contains substantial evidence supporting the district court's award of Brickfield's requested fees.

*GALs are fiduciaries*

A fiduciary relationship is one "between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation[ship]." Restatement (Second) of Torts § 874 cmt. a (Am. Law Inst. 2008); *see also Matter of Frei Irrevocable Tr. Dated Oct. 29, 1996*, 133 Nev. 50, 58, 390 P.3d 646, 653 (2017) (same).

As noted, the district court may appoint a GAL to benefit the protected person and assist in determining the protected person's best interests. NRS 159.0455(1)(a). A GAL "is an officer of the court and is not a party to the case." NRS 159.0455(4); *see also In re Christina B.*, 23 Cal.

SUPREME COURT
OF
NEVADA

(O) 1947A

Rptr. 2d 918, 926 (Ct. App. 1993) (clarifying that a GAL is a party's representative whose purpose is to protect the person, creating a role that is "more than an attorney's but less than a party's"); *Shainwald v. Shainwald*, 395 S.E.2d 441, 444 (S.C. Ct. App. 1990) (collecting cases and explaining that "[a] guardian ad litem is a representative of the court"). The GAL's duties are limited to those set forth in the district court's order. NRS 159.0455(2). GALs are also prohibited from offering legal advice to the protected person. NRS 159.0455(4).

We conclude that the relationship between GALs and protected persons is fiduciary in nature. The scope of duties GALs are ordered to perform is directed by the court for the benefit of the protected person. NSRG 8. While amicus contends that GALs are *only* "officers of the court" pursuant to NRS 159.0455(4), nothing prevents an officer of the court from also being a fiduciary. GALs are required to "zealously advocate for the best interest of the protected person . . . in a manner that will enable the court to determine the action that will be the least restrictive and in the best interest of the protected person or proposed protected person." NSRG 8(B). This duty fits squarely with the definition of a fiduciary. Likewise, GALs are to "advocate for the best interest of the protected person . . . based on admissible evidence available" and "conduct independent investigation and assessment of the facts to carry out the directives of the appointing order and may submit recommendations to the court that are based on admissible evidence." NSRG 8(G).

Here, every aspect of the GAL's relationship with June is to act for her benefit and with her best interests in mind under the direction of the district court. Other states have recognized the same where the GAL is

court-appointed and acting as a branch of the judiciary.[5] This, however, does not mean that the GAL cannot perform services that require an attorney. For example, advocacy before a court is the quintessential task of an attorney and a purpose of the GAL. *See* NRS 159.0455(4)(a) & (b) (requiring a GAL to advocate for the protected person's best interests in a manner that enables the court to act in those interests). We now take this opportunity to clarify how the GAL's actions in a guardianship proceeding bear on the type of fees they may seek.

In *Hull v. United States*, the Tenth Circuit considered whether compensation for a GAL was taxable as costs or as attorney fees. 971 F.2d 1499 (10th Cir. 1992). That court held that the GAL's role determines whether its expenses are taxed as costs or attorney fees. *Id.* at 1510. It then remanded the case to district court to determine what portions of the guardian ad litem's work should be taxed as costs and what portions should be paid as attorney fees based on the nature of the GAL's work; specifically,

---

[5]*See, e.g., Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989) (concluding that the GAL is a type of fiduciary); *Golin v. Allenby*, 118 Cal. Rptr. 3d 762, 787 (Ct. App. 2010) (observing that a GAL's powers are "subject to both the fiduciary duties owed to the incompetent person and . . . the requirement that court approval be obtained for certain acts"); *People ex rel. M.M.*, 726 P.2d 1108, 1119-20 (Colo. 1986) (noting the propriety of appointing a GAL as a fiduciary representative for the protected person); *Collins ex rel. Collins v. Tabet*, 806 P.2d 40, 49 (N.M. 1991) (recognizing that GALs "occup[y] a position of the highest trust suggest[ing] that he or she is a fiduciary"); *Byrd v. Woodruff*, 891 S.W.2d 689, 706 (Tex. App. 1994) (holding that "a guardian ad litem's court-appointed role to act as the representative of a minor's interest is sufficient to establish a fiduciary relationship"); *see also* 1 Pa. Cons. Stat. § 1991 (2008) (defining GAL as a fiduciary); *cf. Fleming v. Asbill*, 483 S.E.2d 751, 753-54 (S.C. 1997) (holding that the relationship between a GAL and the court is not an employer-employee relationship, creating no agency relationship between the court and the GAL).

based on whether the GAL performed tasks "as an officer of the court," or whether they performed "legal services as an attorney." *Id.* On appeal after remand, the court upheld the award of guardian ad litem fees as costs, finding undisputed evidence that the GAL rendered services solely as an officer of the court while a separately retained attorney rendered attorney services. *Hull ex rel. Hull v. United States*, 53 F.3d 1125, 1128-29 (10th Cir. 1995). We now adopt this distinguishing factor because it clarifies that the *type* of work performed by the GAL dictates the propriety of the GAL's fees. GALs are not presumptively entitled to "attorney fees" because they do not act as attorneys on behalf of the protected person. However, if they perform the type of services also performed by attorneys and have commensurate experience as an attorney, GALs may be compensated at an attorney rate for their work. This conclusion accords with NSRG 8(J), which requires courts to analyze the work completed by the GAL and their particular expertise and experience. We hold that courts, when determining fees for a GAL, should evaluate (1) the experience and qualifications of the GAL, (2) the nature and complexity of the work asked of the GAL, (3) the work actually performed, (4) the result of the GAL's work, and (5) any other factors the court finds to be relevant in a particular case.[6] We adopt these factors, which are similar to the factors guiding inquiries into attorney fees in guardianship proceedings, because they bear on the propriety of the

---

[6]We also clarify that while a GAL seeking compensation must meet the requirements of NRS 159.344, as per NSRG 8(J), the factors listed in NRS 159.344(5) apply only to attorney fees, not GAL fees. That is, GALs must meet the written notice and petition requirements laid out in the statute, but courts evaluating their compensation should consider the factors enumerated above, not the factors enumerated in NRS 159.344(5).

GAL's rate, the success (or lack thereof) of the GAL, and the nature of the GAL's work.

*The award of Brookfield's fees at a rate of $400 per hour is reasonable*

When a fee award depends on the interpretation of a statute or court rule, the district court's decision is reviewed de novo. *Logan v. Abe*, 131 Nev. 260, 264, 350 P.3d 1139, 1141 (2015). An award of costs is reviewed for an abuse of discretion. *Id.* at 267, 350 P.3d at 1144.

This court has not determined the standard of review for an award of fees to a GAL as a fiduciary. We now determine that the appropriate standard of review is abuse of discretion. *See Robbins v. Ginese*, 638 N.E.2d 627, 629 (Ohio Ct. App. 1994) (concluding that the district court did not abuse its discretion by awarding the GAL its attorney rate). An abuse of discretion "occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001).

The parties agree that the district court discussed each enumerated factor in NRS 159.344(5) when evaluating Brickfield's fee request. While we now clarify that NRS 159.344(5) is not appropriately applied to GAL fees but rather only to attorney fees, June's only argument is that the fiduciary rate is not equivalent to the attorney rate. However, based on the factors enumerated above, we conclude that the district court did not abuse its discretion in awarding Brickfield $400 per hour, as the court noted the importance of the GAL's report and its determination regarding the visitation petition. *See Brunzell v. Golden Gate Nat. Bank*, 85 Nev. 345, 350, 455 P.2d 31, 33-34 (1969) (stating that the trier of fact understands the value of the services the best). June's analysis fails to consider that Brickfield's experience as an attorney was important to this case, though she was acting as a fiduciary. The district court was not

SUPREME COURT
OF
NEVADA

(O) 1947A

15

required to rely on June's suggested $22 to $48 per hour range, as she merely surveyed three websites without any indication as to delineating factors like each GAL's experience, qualifications, or work performed. June also ignores the difficulty of the visitation petition and the legal knowledge required to serve her best interests. Meanwhile, the district court reviewed Brickfield's experience, her qualifications, the services she provided for June, the invoices submitted, and the benefits June received. The district court also repeatedly noted the complexity of the visitation petition and the need for someone with extensive guardianship experience. As it noted, Brickfield operated in the sensitive area of determining how June's family members could communicate with or visit her, a determination that required legal experience and skill. Brickfield also aided in the court's determination to remove Kimberly as June's guardian and its appointment of June's next guardian.

Thus, the district court did not abuse its discretion by finding that Brickfield's requested fees were appropriate compensation for her work as a fiduciary in this case. While Brickfield's fees are more appropriately termed as a fiduciary fee rather than an attorney fee, the district court did not abuse its discretion in awarding the full amount requested.

*CONCLUSION*

Although the district court erred by failing to include Brookfield's rate in the order of appointment, June waived this argument by failing to raise it below. Likewise, the district court's error in concluding an attorney must be appointed where a volunteer is not available from a GAL program, without acknowledging the third option under NSRG 8(H), was harmless. Finally, while Brookfield is a fiduciary entitled to fiduciary fees, the district court did not abuse its discretion in awarding her fees in an amount commensurate with her attorney rate because the award was

SUPREME COURT
OF
NEVADA

(O) 1947A

16

supported by the GAL's experience, specialized knowledge, and ability to understand the intricacies of this particular case's complex legal issues. Accordingly, we affirm the district court's order awarding the GAL fees.

_____, J.
Herndon

We concur:

_____, J.
Lee

_____, J.
Parraguirre